IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELSHONE THOMAS and GWENDOLYN CHENEY, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | Civil Action No.: |
| GEORGIA DEPARTMENT OF COMMUNITY HEALTH, and FRANK W. BERRY, in his official capacity as Commissioner of the Georgia Department Of Community Health, | * * * * * | 1:21-cv-02558-MHC |
| Defendants | * * | |

AMENDED ANSWER AND DEFENSES

COMES NOW The Georgia Department of Community Health and Caylee Noggle[1] by and through their counsel of record, the Attorney General of the State of Georgia, and files this its Answer and Defenses to Plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief and shows as follows:

---

[1] Frank W. Berry was named in his official capacity as the Commissioner of the Georgia Department of Community Health and appears in the caption of the case. On July 1, 2021, after the lawsuit was served, but prior to the Answer of Defendants, Caylee Noggle became the Commissioner. The parties have not been substituted as of this moment, but Defendants file this Amended Answer and Defenses in order to file an Answer on behalf of the official capacity occupant of the Commissioner of Defendant Georgia Department of Community Health.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint is or may be subject to dismissal, in whole or in part, for lack of personal or subject matter jurisdiction.

### THIRD DEFENSE

All actions taken by Defendants with respect to Plaintiffs' were taken for legitimate, non-discriminatory reasons.

### FOURTH DEFENSE

Plaintiffs' claims and remedies are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to satisfy all jurisdictional and administrative requisites for those claims.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims may be moot.

## SEVENTH DEFENSE

Plaintiffs fail to establish that they have been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## EIGHTH DEFENSE

The Complaint fails to establish that Defendants have breached any duties it may have owed to Plaintiffs.

## NINTH DEFENSE

Defendants have not violated any federal statutory rights applicable to Plaintiffs, including any rights afforded to them by Title XIX of the Social Security Act ("the Medicaid Act").

## TENTH DEFENSE

Defendants have not violated any state or federal law.

## ELEVENTH DEFENSE

Some or all of Plaintiffs do not have standing.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent that they have not pleaded facts with sufficient specificity to support claims of alleged violations of their civil rights.

## THIRTEENTH DEFENSE

Defendants are not liable to Plaintiffs because Defendants has not discriminated against Plaintiffs on the basis of any unlawful factor.

## FOURTEENTH DEFENSE

Defendants deny any allegation not expressly admitted herein.

Defendants reserve the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any of the foregoing defenses, Defendants respond to the specific numbered paragraphs of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.

Defendants are without sufficient knowledge to admit or deny the first and second sentence of paragraph 1 of Plaintiffs' Complaint; therefore, they deny those allegations and demand proof of same.  Defendants deny the remaining allegations contained in paragraph 1.

2.

Paragraph 2 of Plaintiffs' Complaint is a statement of the nature of their claims against Defendants and do not require a response.  Defendants deny the substance of the allegations made within paragraph 2 and denies that it discriminates against Plaintiffs on any basis.  Further Defendants shows that Frank

W. Berry is no longer the Commissioner of the Department of Community Health as alleged in paragraph 2.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Complaint.

## JURISDICTION AND VENUE

5.

Defendants admit that this Court has jurisdiction over this matter.

6.

Paragraph 6 of Plaintiffs' Complaint is a legal conclusion that Plaintiffs' claims for declaratory and injunctive relief are authorized by various statutes.  No response is required from Defendants.

7.

Paragraph 7 of Plaintiffs' Complaint is a statement that venue is proper in this Court.  Defendants do not contest venue in this Court.

PARTIES

8.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

9.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendants admit the allegations contained in the first, second, and third sentences of paragraph 11 of Plaintiffs' Complaint. Defendants deny the remaining allegations contained in paragraph 11 as written and shows that the cited Section 1557 speaks for itself.

FACTS

Gender Dysphoria and the Accepted Treatment Protocols

12.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants deny proof of same.

13.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants deny proof of same.

14.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

15.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

16.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.  Therefore the allegations are denied and Defendants demand proof of same.

17.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Further, Defendants shows that the description of "gender dysphoria" within the Diagnostic and Statistical Manual of Mental Disorders referenced within paragraph 17 speaks for itself, and Defendants are not required to, nor do they, adopt any interpretation of the description advanced by Plaintiffs.

18.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

19.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

20.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 20 of Plaintiffs' Complaint. Therefore, the
allegations are denied and Defendants demand proof of same.

21.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 21 of Plaintiffs' Complaint. Therefore, the
allegations are denied and Defendants demand proof of same.

22.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 22 of Plaintiffs' Complaint. Therefore, the
allegations are denied and Defendants demand proof of same.

23.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 23 of Plaintiffs' Complaint. Therefore, the
allegations are denied and Defendants demand proof of same.

24.

Defendants admit the first sentence of paragraph 24 of Plaintiffs' Complaint.
Defendants are without sufficient information to admit or deny the actions of the
Departmental Appeals Board for the U.S. Department of Health & Human Services

or the motivations of that organization behind their actions as described by

Plaintiffs in paragraph 24.  Therefore, those allegations, to the extent they are facts

and not the opinion of Plaintiffs', are denied and Defendants demand proof of

same.

25.

Defendants admit the allegations contained in paragraph 25 of Plaintiffs'

Complaint.

Federal Medicaid Program

26.

Defendants admit the allegations contained in paragraph 26 of Plaintiffs'

Complaint.

27.

Defendants admit the allegations contained in paragraph 27 of Plaintiffs'

Complaint.

28.

Defendants admit the allegations contained in paragraph 28 of Plaintiffs'

Complaint.

29.

Defendants admit and acknowledge that the Department of Community

Health maintains a state plan.

30.

Defendants admit, in part that the federal government reimburses participating states.  Defendants do not know the definition or meaning of the term "substantial" as set forth by Plaintiffs' in paragraph 30 of their Complaint and, therefore, deny the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.

Defendants admit the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.

Defendants show that the allegations contained in paragraph 32 of Plaintiffs' Complaint are not a fact, but rather a recitation of language found in the text of 42 U.S.C. § 1369a(a)(10)(B)(i) which speaks for itself.  To the extent that Plaintiffs' interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied.

33.

Defendants show that the allegations contained in paragraph 33 of Plaintiffs' Complaint are not a fact, but rather a recitation of language found in the text of 42 C.F.R. § 440.230(c) which speaks for itself.  To the extent that Plaintiffs'

interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied.

34.

Defendants show that the allegations contained in paragraph 34 of Plaintiffs' Complaint is not a fact, but rather a recitation of language found in the text of 42 U.S.C. § 1369a(a)(19) which speaks for itself.  To the extent that Plaintiffs' interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied.

<u>Georgia Medicaid</u>

35.

Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.

Defendants admit the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.

Defendants admit that, in the aggregate, the allegations contained in paragraph 37 are accurate.

38.

Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.

Defendants shows that the allegations contained in the first portion of paragraph 39 of Plaintiffs' Complaint are a recitation of language found in the text of several different Georgia Statutes and/or regulations each of which speaks for itself. To the extent that Plaintiffs' interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied. Defendants admit the final sentence of paragraph 39.

40.

Defendants show that the allegations contained in the first portion of paragraph 40 of Plaintiffs' Complaint are a recitation of language found in the text of Ga. Comp. R. & Regs. 350-1-.05 which speaks for itself. To the extent that Plaintiffs' interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied. Defendants admit the existence of the regulation.

<u>Georgia Medicaid's Categorical Exclusion of Gender-Confirming Surgery for</u>

<u>Transgender Medicaid Beneficiaries</u>

41.

Defendants deny the allegations contained in paragraph 41 of Plaintiffs'
Complaint.

42.

The text of the excerpts cited by Plaintiffs' in paragraph 42 speak for
themselves.  Defendants show, and respond further, however that the allegations of
Plaintiffs' as set forth within the paragraph as to the practice of Defendants are
denied.

43.

Defendants deny the allegations contained in paragraph 43 of Plaintiffs'
Complaint.

44.

Defendants deny the allegations contained in paragraph 44 of Plaintiffs'
Complaint.

45.

The allegations contained in paragraph 45 of Plaintiffs' Complaint are not
facts, but rather, argument.  Nevertheless, Defendants deny the allegations and/or

implications made in paragraph 45 of Plaintiffs' Complaint that Defendants illegally discriminates against Plaintiffs.

46.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 46 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

47.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

48.

Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

<u>Plaintiff Delshone Thomas</u>

49.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 49 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

50.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

51.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

52.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

53.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

54.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 54 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

55.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

56.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

57.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

58.

Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

60.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

61.

Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 61 of Plaintiffs' Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Defendants deny the remaining allegations in paragraph 61.

62.

Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.

Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.

Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of Plaintiffs''
Complaint.

## Plaintiff Gwendolyn Cheney

66.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 60 of Plaintiffs' Complaint.  Therefore, the
allegations are denied and Defendants demand proof of same.

67.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 67 of Plaintiffs' Complaint.  Therefore, the
allegations are denied and Defendants demand proof of same.

68.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 68 of Plaintiffs' Complaint.  Therefore, the
allegations are denied and Defendants demand proof of same.

69.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 69 of Plaintiffs' Complaint.  Therefore, the
allegations are denied and Defendants demand proof of same.

70.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

71.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

72.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

73.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 73 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

74.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 74 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

75.

Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 76 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

77.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 77 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

78.

Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Complaint.

79.

Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.

Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

CLASS ACTION ALLEGATIONS

81.

Paragraph 81 of Plaintiffs' Complaint is a statement that they bring this lawsuit on behalf of themselves and all similarly situated individuals.  No response is required from Defendants.

82.

Defendants requests that this Court deny the certification of the class proposed by Plaintiff in paragraph 82 of Plaintiffs' Complaint.

83.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 83 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

84.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 84 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

85.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 85 of Plaintiffs' Complaint.  Therefore, the

allegations are denied and Defendants demand proof of same.  Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

86.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 86 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

87.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 87 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

88.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 88 of Plaintiffs' Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

89.

Defendants deny the allegations contained in paragraph 89 of Plaintiffs' Complaint.

COUNT I

*Violation of 42 U.S.C. § 1983 Based on the Deprivation of Plaintiffs' Rights Under the Equal Protection Clause of the Fourteenth Amendment*

*Against Defendant Berry (for declaratory and injunctive relief for Plaintiffs and the proposed class)*

90.

No response from Defendants is required to paragraph 90 of Plaintiffs' Complaint.

91.

Paragraph 91 is a recitation of the text of the Fourteenth Amendment to the United States Constitution which speaks for itself.  Defendants deny any allegation that it is in violation of the law as alleged by Plaintiffs.

92.

Defendants deny that it are in violation of the law as alleged by Plaintiffs. Further Defendants requests that this Court deny the certification of the proposed class.

93.

Defendants deny the allegations contained in paragraph 93 of Plaintiffs' Complaint.

94.

Defendants deny the allegations contained in paragraph 94 of Plaintiffs'
Complaint.

95.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 95 of their Complaint, such allegation are denied.

96.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 96 of their Complaint, such allegation are denied.

97.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 97of their Complaint, such allegation are denied.

98.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 98 of their Complaint, such allegation are denied.

99.

Defendants deny the allegations contained in paragraph 99 of Plaintiffs'
Complaint.

100.

Defendants deny the allegations contained in paragraph 100 of Plaintiffs'

Complaint.

## COUNT TWO

***Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42
U.S.C. § 18116***
***By Plaintiffs and the Proposed Class Against Defendant Georgia Department of
Community Health and Frank W. Berry (for declaratory and injunctive relief for
Plaintiffs and the Proposed Class)***

101.

No response is required of Defendants.

102.

To the extent that Plaintiffs allege that Defendants are in violation of the law

as set forth in paragraph 102 of their Complaint, such allegations are denied.

103.

Defendants admit that Defendant Department of Community Health receives

federal funds.

104.

Defendants deny the allegations contained in paragraph 104 of Plaintiffs'

Complaint.

105.

To the extent that Plaintiffs allege that Defendants are in violation of the law as set forth in paragraph 105 of their Complaint, such allegations are denied.

106.

Defendants deny the allegations contained in paragraph 106 of Plaintiffs' Complaint.

107.

Defendants deny the allegations contained in paragraph 107 of Plaintiffs' Complaint.

108.

Defendants deny the allegations contained in paragraph 108 of Plaintiffs' Complaint.

109.

Defendants deny the allegations contained in paragraph 109 of Plaintiffs' Complaint.

**COUNT THREE**
***Violation of the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(10)(A)***

***By Plaintiffs and the Proposed Class Against Defendant Frank W. Berry (for declaratory and injunctive relief)***

110.

No response is required by Defendants.

111.

Defendants deny the allegations contained in paragraph 111 of Plaintiffs'
Complaint.

112.

Defendants deny the allegations contained in paragraph 112 of Plaintiffs'
Complaint.

### *Violation of the Medicaid Act's Comparability Requirements, 42 U.S.C. § 1396a(a)(10)(B)*

### *By Plaintiffs and the Proposed Class Against Defendant Frank W. Berry (for declaratory and injunctive relief)*

113.

No response is required by Defendants.

114.

Defendants deny the allegations contained in paragraph 114 of Plaintiffs'
Complaint.

115.

Defendants deny the allegations contained in paragraph 115 of Plaintiffs'
Complaint.

## **PRAYER FOR RELIEF**

The remainder of the Complaint contains prayers for relief.  In response to paragraphs (A) - (F) of Plaintiffs' prayers for relief, Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants.

Defendants deny any allegation contained in the Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendants hereby pray that Plaintiffs' Complaint be dismissed in its entirety with all costs cast upon Plaintiff, and for such other relief as this Court deems just and proper, including, but not limited to, an award of reasonable attorney's fees incurred by Defendants in the defense of this action.

Respectfully submitted, this 16th day of July, 2021.

CHRISTOPHER M. CARR          112505
Attorney General

_s/ Bryan K. Webb_
BRYAN K. WEBB                743580
Deputy Attorney General

_s/ Shalen S. Nelson_
SHALEN S. NELSON             636575
Senior Assistant Attorney General

_s/ Michelle W. LeGrande_
MICHELLE W. LEGRANDE         714924
Senior Assistant Attorney General

Please serve:

Bryan K. Webb
Deputy Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3542
Facsimile:  (404) 657-9932
Email: bwebb@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2021, I electronically filed this AMENDED

ANSWER AND DEFENSES with the Clerk of Court using the Court's e-filing

system, which will automatically send email notification of such filing to the

following attorneys of record:

Sean J. Young
Aneres M. Lopez-Delgado
syoung@acluga.org
adelgado@acluga.org

Taylor Brown
Leslie Cooper
tbrown@aclu.org
lcooper@aclu.org

Adam Reinke
Mark D. Polston
Joshua C. Toll
Brent P. Ray

areinke@kslaw.com
mpolston@kslaw.com
jtoll@kslaw.com
bray@kslaw.com

*s/ Bryan K. Webb*

Deputy Attorney General
*Counsel for Defendants*