IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELSHONE THOMAS and &ast;
GWENDOLYN CHENEY, &ast;
&ast;
Plaintiffs, &ast;
&ast;
vs. &ast;   Civil Action No.:
&ast;
GEORGIA DEPARTMENT OF &ast;   1:21-cv-02558-LMM
COMMUNITY HEALTH, and CAYLEE &ast;
NOGGLE, in her official capacity as &ast;
Commissioner of the Georgia Department &ast;
Of Community Health, &ast;
&ast;
Defendants &ast;

## ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS

## ACTION COMPLAINT

COMES NOW The Georgia Department of Community Health and Caylee

Noggle by and through their counsel of record, the Attorney General of the State of

Georgia, and files this its Answer and Defenses to Plaintiffs' First Amended Class

Action Complaint ("Amended Complaint") and shows as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Amended Complaint is or may be subject to dismissal, in whole or in part, for lack of personal or subject matter jurisdiction.

### THIRD DEFENSE

All actions taken by Defendants with respect to Plaintiffs' were taken for legitimate, non-discriminatory reasons.

### FOURTH DEFENSE

Plaintiffs' claims and remedies are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have failed to satisfy all jurisdictional and administrative requisites for those claims.

### SIXTH DEFENSE

Some or all of Plaintiffs' claims may be moot.

## SEVENTH DEFENSE

Plaintiffs fail to establish that they have been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## EIGHTH DEFENSE

The Amended Complaint fails to establish that Defendants have breached any duties it may have owed to Plaintiffs.

## NINTH DEFENSE

Defendants have not violated any federal statutory rights applicable to Plaintiffs, including any rights afforded to them by Title XIX of the Social Security Act ("the Medicaid Act").

## TENTH DEFENSE

Defendants have not violated any state or federal law.

## ELEVENTH DEFENSE

Some or all of Plaintiffs do not have standing.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent that they have not pleaded facts with sufficient specificity to support claims of alleged violations of their civil rights.

THIRTEENTH DEFENSE

Defendants are not liable to Plaintiffs because Defendants have not discriminated against Plaintiffs on the basis of any unlawful factor.

FOURTEENTH DEFENSE

Defendants deny any allegation not expressly admitted herein.

Defendants reserve the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation. Without waiving any of the foregoing defenses, Defendants respond to the specific numbered paragraphs of Plaintiffs' Amended Complaint as follows:

## INTRODUCTION

1.

Upon information and belief, Defendants admit the first sentence of paragraph 1 of Plaintiffs' Amended Complaint.  Defendants are without sufficient knowledge to admit or deny the second sentence of paragraph 1 of Plaintiffs' Amended Complaint; therefore, they deny those allegations and demand proof of same.  Defendants deny the remaining allegations contained in paragraph 1.

2.

Paragraph 2 of Plaintiffs' Amended Complaint is a statement of the nature of their claims against Defendants and do not require a response.  Defendants deny

the substance of the allegations made within paragraph 2 and denies that it discriminates against Plaintiffs on any basis.

3.

Defendants deny the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

5.

Defendants admit that this Court has jurisdiction over this matter.

6.

Paragraph 6 of Plaintiffs' Amended Complaint is a legal conclusion that Plaintiffs' claims for declaratory and injunctive relief are authorized by various statutes.  No response is required from Defendants.

7.

Paragraph 7 of Plaintiffs' Amended Complaint is a statement that venue is proper in this Court.  Defendants do not contest venue in this Court.

## **PARTIES**

### 8.

Upon information and belief, Defendants admit the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

### 9.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.

### 10.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

### 11.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

### 12

Defendants admit the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint.

13.

Defendants admit the allegations contained in the first, second, and third sentences of paragraph 13 of Plaintiffs' Amended Complaint. Defendants deny the remaining allegations contained in paragraph 13 as written and shows that the cited Section 1557 speaks for itself.

## FACTS

### Gender Dysphoria and the Accepted Treatment Protocols

14.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants deny proof of same.

15.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants deny proof of same.

16.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

17.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

18.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint. Therefore the allegations are denied and Defendants demand proof of same.

19.

Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Further, Defendants shows that the description of "gender dysphoria" within the Diagnostic and Statistical Manual of Mental Disorders referenced within paragraph 17 speaks for itself, and Defendants are not required to, nor do they, adopt any interpretation of the description advanced by Plaintiffs.

20.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

21.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

22.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

23.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

24.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

25.

Defendants admit the first sentence of paragraph 25 of Plaintiffs' Amended Complaint.  Defendants are without sufficient information to admit or deny the actions of the Departmental Appeals Board for the U.S. Department of Health &

Human Services or the motivations of that organization behind their actions as described by Plaintiffs in paragraph 25.  Therefore, those allegations, to the extent they are facts and not the opinion of Plaintiffs, are denied and Defendants demand proof of same.

26.

Defendants admit the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint.

**<u>Federal Medicaid Program</u>**

27.

Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint.

28.

Defendants admit the allegations contained in paragraph 28 of Plaintiffs' Amended Complaint.

29.

Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

30.

Defendants admit and acknowledge that the Department of Community Health maintains a state plan.

31.

Defendants admit, in part that the federal government reimburses

participating states.  Defendants do not know the definition or meaning of the term

"substantial" as set forth by Plaintiffs' in paragraph 31 of their Amended

Complaint and, therefore, deny the remaining allegations contained in paragraph

31 of Plaintiffs' Amended Complaint.

32.

Defendants admit the allegations contained in paragraph 32 of Plaintiffs'

Amended Complaint.

33.

Defendants show that the allegations contained in paragraph 33 of Plaintiffs'

Amended Complaint are not a fact, but rather a recitation of language found in the

text of 42 U.S.C. § 1369a(a)(10)(B)(i) which speaks for itself.  To the extent that

Plaintiffs' interpretation of that text seeks to create any greater obligation on the

part of Defendants than the law requires, such interpretation of such obligation are

denied.

34.

Defendants show that the allegations contained in paragraph 34 of Plaintiffs'

Amended Complaint are not a fact, but rather a recitation of language found in the

text of 42 C.F.R. § 440.230(c) which speaks for itself.  To the extent that Plaintiffs'

interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied.

35.

Defendants show that the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint is not a fact, but rather a recitation of language found in the text of 42 U.S.C. § 1369a(a)(19) which speaks for itself.  To the extent that Plaintiffs' interpretation of that text seeks to create any greater obligation on the part of Defendants than the law requires, such interpretation of such obligation are denied.

**<u>Georgia Medicaid</u>**

36.

Defendants admit the allegations contained in paragraph 36 of Plaintiffs' Amended Complaint.

37.

Defendants admit the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint.

38.

Defendants admit that, in the aggregate, the allegations contained in paragraph 38 are accurate.

12

39.

Defendants deny the allegations contained in paragraph 39 of Plaintiffs'

Amended Complaint.

40.

Defendants shows that the allegations contained in the first portion of

paragraph 40 of Plaintiffs' Amended Complaint are a recitation of language found

in the text of several different Georgia Statutes and/or regulations each of which

speaks for itself.  To the extent that Plaintiffs' interpretation of that text seeks to

create any greater obligation on the part of Defendants than the law requires, such

interpretation of such obligation are denied.  Defendants admit the final sentence of

paragraph 40.

41.

Defendants show that the allegations contained in paragraph 41 of Plaintiffs'

Amended Complaint are a recitation of language found in the text of Ga. Comp. R.

& Regs. 350-1-.05 which speaks for itself.  To the extent that Plaintiffs'

interpretation of that text seeks to create any greater obligation on the part of

Defendants than the law requires, such interpretation of such obligation are denied.

Defendants admit the existence of the regulation.

## Georgia Medicaid's Categorical Exclusion of Gender-Confirming Surgery for Transgender Medicaid Beneficiaries

42.

Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Amended Complaint.

43.

The text of the excerpts cited by Plaintiffs' in paragraph 43 speak for themselves.  Defendants show, and respond further, however that the allegations of Plaintiffs' as set forth within the paragraph as to the practice of Defendants are denied.

44.

Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint.

45.

Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint.

46.

The allegations contained in paragraph 46 of Plaintiffs' Amended Complaint are not facts, but rather, argument.  Nevertheless, Defendants deny the allegations

and/or implications made in paragraph 46 of Plaintiffs' Amended Complaint that Defendants illegally discriminates against Plaintiffs.

47.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

48.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 48 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

49.

Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint.

## **Plaintiff Delshone Thomas**

50.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

51.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

52.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 52 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

53.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 53 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

54.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 54 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

55.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 55 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

56.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 56 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

57.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 57 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

58.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 58 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

59.

Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Amended Complaint as written.

60.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 60 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

61.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 61 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

62.

Defendants are without sufficient information to admit or deny the allegations contained in the first sentence of paragraph 62 of Plaintiffs' Amended Complaint.  Therefore, the allegations are denied and Defendants demand proof of same.  Defendants deny the remaining allegations in paragraph 62.

63.

Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Amended Complaint.

64.

Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Amended Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Amended Complaint.

66.

Defendants deny the allegations contained in paragraph 66 of Plaintiffs'
Amended Complaint.

67.

Defendants deny the allegations contained in paragraph 67 of Plaintiffs'
Amended Complaint.

## **Plaintiff Gwendolyn Cheney**

68.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 68 of Plaintiffs' Amended Complaint.
Therefore, the allegations are denied and Defendants demand proof of same.

69.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 69 of Plaintiffs' Amended Complaint.
Therefore, the allegations are denied and Defendants demand proof of same.

70.

Defendants are without sufficient information to admit or deny the
allegations contained in paragraph 70 of Plaintiffs' Amended Complaint.
Therefore, the allegations are denied and Defendants demand proof of same.

71.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

72.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 72 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

73.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 73 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

74.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

75.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

76.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 76 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

77.

Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint.

78.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

79.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

80

Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Amended Complaint.

81.

Defendants deny the allegations contained in paragraph 81 of Plaintiffs'
Amended Complaint.

82.

Defendants deny the allegations contained in paragraph 82 of Plaintiffs'
Amended Complaint.

83.

Defendants deny the allegations contained in paragraph 83 of Plaintiffs'
Amended Complaint.

## CLASS ACTION ALLEGATIONS

84.

Paragraph 84 of Plaintiffs' Amended Complaint is a statement that they
bring this lawsuit on behalf of themselves and all similarly situated individuals.
No response is required from Defendants.

85.

Defendants requests that this Court deny the certification of the class
proposed by Plaintiff in paragraph 85 of Plaintiffs' Amended Complaint.

86.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

87.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

88.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 88 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

89.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 89 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same.

Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

90.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 90 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

91.

Defendants are without sufficient information to admit or deny the allegations contained in paragraph 91 of Plaintiffs' Amended Complaint. Therefore, the allegations are denied and Defendants demand proof of same. Defendants further request that this Court deny the certification of the class proposed by Plaintiffs.

92.

Defendants deny the allegations contained in paragraph 92 of Plaintiffs' Amended Complaint.

## COUNT I

### *Violation of 42 U.S.C. § 1983 Based on the Deprivation of Plaintiffs' Rights Under the Equal Protection Clause of the Fourteenth Amendment*

### *Against Defendant Noggle (for declaratory and injunctive relief for Plaintiffs and the proposed class)*

93.

No response from Defendants is required to paragraph 93 of Plaintiffs' Amended Complaint.

94.

Paragraph 94 is a recitation of the text of the Fourteenth Amendment to the United States Constitution which speaks for itself.  Defendants deny any allegation that it is in violation of the law as alleged by Plaintiffs.

95.

Defendants deny that they are in violation of the law as alleged by Plaintiffs. Further Defendants requests that this Court deny the certification of the proposed class.

96.

Defendants deny the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint.

97.

Defendants deny the allegations contained in paragraph 97 of Plaintiffs'
Amended Complaint.

98.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 98 of their Amended Complaint, such allegations are
denied.

99.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 99 of their Amended Complaint, such allegations are
denied.

100.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 100 their Amended Complaint, such allegations are
denied.

101.

To the extent that Plaintiffs allege that Defendants are in violation of the law
as set forth in paragraph 101 of their Amended Complaint, such allegations are
denied.

102.

Defendants deny the allegations contained in paragraph 102 of Plaintiffs'

Amended Complaint.

103.

Defendants deny the allegations contained in paragraph 103 of Plaintiffs'

Amended Complaint.

## COUNT TWO

*Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42*
*U.S.C. § 18116*
*By Plaintiffs and the Proposed Class Against Defendant Georgia Department of*
*Community Health and Caylee Noggle*
*(for declaratory and injunctive relief for Plaintiffs and the Proposed Class, and*
*for compensatory damages for Plaintiffs only)*

104.

No response is required of Defendants.

105.

To the extent that Plaintiffs allege that Defendants are in violation of the law

as set forth in paragraph 105 of their Amended Complaint, such allegations are

denied.

106.

Defendants admit that Defendant Department of Community Health receives

federal funds.

107.

Defendants deny the allegations contained in paragraph 107 of Plaintiffs'

Amended Complaint.

108.

To the extent that Plaintiffs allege that Defendants are in violation of the law

as set forth in paragraph 108 of their Amended Complaint, such allegations are

denied.

109.

Defendants deny the allegations contained in paragraph 109 of Plaintiffs'

Amended Complaint.

110.

Defendants deny the allegations contained in paragraph 110 of Plaintiffs'

Amended Complaint.

111.

Defendants deny the allegations contained in paragraph 111 of Plaintiffs'

Amended Complaint.

112.

Defendants deny the allegations contained in paragraph 112 of Plaintiffs'

Amended Complaint.

113.

Defendants deny the allegations contained in paragraph 113 of Plaintiffs'

Amended Complaint.

## COUNT THREE

### *Violation of the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(10)(A)*

### *By Plaintiffs and the Proposed Class Against Defendant Caylee Noggle (for declaratory and injunctive relief)*

114.

No response is required by Defendants.

115.

Defendants deny the allegations contained in paragraph 115 of Plaintiffs'

Amended Complaint.

116.

Defendants deny the allegations contained in paragraph 116 of Plaintiffs'

Amended Complaint.

## COUNT FOUR

### *Violation of the Medicaid Act's Comparability Requirements, 42 U.S.C. § 1396a(a)(10)(B)*

### *By Plaintiffs and the Proposed Class Against Defendant Caylee Noggle (for declaratory and injunctive relief)*

117.

No response is required by Defendants.

29

118.

Defendants deny the allegations contained in paragraph 118 of Plaintiffs' Amended Complaint.

119.

Defendants deny the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint.

## **PRAYER FOR RELIEF**

The remainder of the Amended Complaint contains prayers for relief.  In response to paragraphs (A) - (F) of Plaintiffs' prayers for relief, Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants.

Defendants deny any allegation contained in the Amended Complaint that is not specifically admitted or denied herein.

WHEREFORE, having answered fully, Defendants hereby pray that Plaintiffs' Amended Complaint be dismissed in its entirety with all costs cast upon Plaintiff, and for such other relief as this Court deems just and proper, including, but not limited to, an award of reasonable attorney's fees incurred by Defendants in the defense of this action.

Respectfully submitted, this 18th day of October, 2021.

CHRISTOPHER M. CARR          112505
Attorney General

*s/ Bryan K. Webb*
BRYAN K. WEBB                743580
Deputy Attorney General

*s/ Shalen S. Nelson*
SHALEN S. NELSON             636575
Senior Assistant Attorney General

*s/ Michelle W. LeGrande*
MICHELLE W. LEGRANDE         714924
Senior Assistant Attorney General

Please serve:

Bryan K. Webb
Deputy Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3542
Facsimile:  (404) 657-9932
Email: bwebb@law.ga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2021, I electronically filed this

ANSWER AND DEFENSES to PLAINTIFFS' FIRST AMENDED CLASS

ACTION COMPLAINT with the Clerk of Court using the Court's e-filing system,

which will automatically send email notification of such filing to the following

attorneys of record:

Sean J. Young
Andres M. Lopez-Delgado
syoung@acluga.org
adelgado@acluga.org

Taylor Brown
Leslie Cooper
tbrown@aclu.org
lcooper@aclu.org

Adam Reinke
Brent P. Ray
areinke@kslaw.com
bray@kslaw.com

                              *s/ Bryan K. Webb*

                              Deputy Attorney General
                              *Counsel for Defendants*