# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Delshone Thomas and Gwendolyn Cheney,<br><br>*Plaintiffs*,<br><br>v.<br><br>Georgia Department of Community Health and Caylee Noggle, in her official capacity as Commissioner of the Georgia Department of Community Health,<br><br>*Defendants*. | Civil Action No. 1:21-cv-02558-LMM |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This is a SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS ("Agreement") by and between Plaintiffs Delshone Thomas and Gwendolyn Cheney (collectively, "Plaintiffs") and the Georgia Department of Community Health and Caylee Noggle, in her official capacity as Commissioner of the Georgia Department of Community Health (collectively, "Defendants"), (Plaintiffs and Defendants together, the "Parties").

## RECITALS

WHEREAS, Plaintiffs filed the above-captioned lawsuit (the "Lawsuit") against Defendants, challenging the lawfulness of Georgia Medicaid's State Plan's categorical exclusion of coverage for "transsexual surgery", HCFA-PM-91-4, Attachment 3.1-A, p. 1c (the "Challenged Exclusion"), for transgender Georgia Medicaid beneficiaries under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; Section 1557 of the Patient Protection and

Affordable Care Act, 42 U.S.C. § 18116 ("Section 1557"); and the comparability and availability requirements of the federal Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A)-(B) ("Medicaid Act").

WHEREAS, on April 26, 2022, the Parties engaged in mediation before United States Magistrate Judge Walter E. Johnson in the United States District Court for the Northern District of Georgia, and amicably, fully, and finally settled the Plaintiffs' requests for removal of the Challenged Exclusion from the Georgia Medicaid State Plan, removal of the Challenged Exclusion from Georgia Medicaid Provider Manuals, Georgia Medicaid's adoption of a clinical policy for treatment of gender dysphoria, including coverage provisions for gender-confirming surgical care, and Plaintiffs' claims for compensatory damages and attorneys' fees.

NOW, THEREFORE, the Parties mutually agree as follows:

## AGREEMENT

I.  EFFECTIVE DATE: The Effective Date of this Agreement shall be the first date on which all Parties and their respective counsel have executed this Agreement as evidenced by the latest date on the signature page below.

II.  SETTLEMENT TERMS: The Parties have agreed to the following Settlement Terms:

1. Defendants agree to amend and remove the Challenged Exclusion from the Georgia Medicaid State Plan. Within 30 (thirty) days of the Effective Date of this Agreement, Defendants will submit all necessary documentation to the Centers for Medicare and Medicaid Services ("CMS") to amend the Georgia Medicaid State Plan to remove the Challenged Exclusion in the Georgia Medicaid State Plan. Within 10 (ten) days of Defendant's submission of the State Plan Amendment to CMS, Defendants will notify Plaintiffs' undersigned counsel via electronic mail of such submission.

2. Defendants agree to amend and remove the Challenged Exclusion from the Georgia Department of Community Health's Medicaid policies and provider manuals within 30 (thirty) days of the Effective Date of this Agreement. Within 10 (ten) days of final amendment and removal of the Challenged Exclusion from the Georgia Department of Community Health's Medicaid policies and provider manuals Defendants will notify Plaintiffs' undersigned counsel via electronic mail.

3. Defendants have agreed to adopt and maintain Alliant Health Solutions' ("AHS") Gender Reassignment Review Guidelines ("Gender Dysphoria Clinical Policy") for the treatment of gender dysphoria, including gender-confirming surgical care, as the clinical policy for Georgia Medicaid and its Fee For Service beneficiaries. Defendants assert that AHS drafted its Gender Dysphoria Clinical Policy in July 2021 and implemented the policy thereafter. Defendants have subsequently acknowledged and approved AHS's use of its Gender Dysphoria Clinical Policy.

4. Defendants agree to pay a Settlement Amount of $350,000.00 (three hundred fifty thousand dollars) in full satisfaction of all claims, damages, and attorneys' fees. The portion of the Settlement Amount applicable to Plaintiffs shall be paid as compensatory damages in full and final settlement of all claims, which were or could have been asserted against Defendants. Defendants will issue the Settlement Amount via check as follows:

> $350,000.00 Payable to the American Civil Liberties Union Foundation, Inc.
> Mailed to:
> c/o Meredith Taylor Brown, Esq.
> American Civil Liberties Union Foundation Inc.
> 125 Broad St., 18th Floor
> New York, NY 10004

For the amounts specified in paragraph 4 above, the Georgia Department of Administrative Services will issue IRS Form 1099s to Plaintiffs' counsel. It will be the sole

responsibility of Plaintiffs and their counsel to pay taxes due on the portions of the Settlement Amount paid, if any. Furthermore, Plaintiffs agree to hold Defendants and the Georgia Department of Administrative Services harmless as to any tax liability related to Plaintiffs' and Plaintiffs' attorneys' failure to pay any taxes applicable to the settlement proceeds. As further consideration for the mutual promises, covenants, and agreements referred to herein, and as condition precedent to receiving payment of the Settlement Amount, Plaintiffs' counsel agrees to provide the Georgia Department of Administrative Services with a fully executed W-9 and payee information for Plaintiffs' counsel as appropriate.

5. Plaintiffs will voluntarily dismiss their Lawsuit with 10 (ten) business days of satisfaction of all Settlement Terms.

6. As further consideration of the mutual promises, covenants, and agreements referred to herein, Plaintiffs, for themselves, their attorneys, executors, administrators, successors and assigns, do hereby fully, finally and forever release and discharge Defendants and the State of Georgia, and all current and former agents, administrators, directors, supervisors, and other officials and employees of the Georgia Department of Community Health, from all claims, demands, actions, causes of action, suits, damages, losses and expenses of any and every nature and description whatsoever up to the present time, whether known or unknown, foreseen or unforeseen, and including, but not limited to, those claims asserted or which might have been asserted by or on behalf of Plaintiffs against the Defendants and all of the Defendants' agents and/or officials and employees, administrators, in the Lawsuit.

III. OTHER PROVISIONS

1. <u>Governing Law</u>: The Parties stipulate that the law of the State of Georgia will govern this Agreement.

2. <u>Non-Admission of Liability</u>: It is understood and agreed that this Agreement is the compromise of disputed claims and that the consideration furnished is not to be construed as an admission of liability on the part of any Party hereto. Neither the Agreement nor any of its details, including statements or communications between the Parties, may be tendered as evidence of any admission or fact in any further proceeding.

3. <u>Captions and Interpretations</u>: Section titles or captions contained in this Agreement are inserted as a matter of convenience and for ease of reference and in no way define, limit, extend or describe the scope or any provision of this Agreement. This Agreement is mutually drafted, and no provision in this Agreement is to be interpreted for or against any Party because that Party or its legal representative drafted such provision.

4. <u>Representations</u>: Each party to this Agreement represents that the party has the full power and authority to enter into this Agreement and that there are no other persons whose consent to this Agreement or whose joinder to this Agreement is necessary to make provisions of this Agreement fully effective.

5. <u>Independent Advice of Counsel</u>: Each Party represents and declares that in executing this Agreement, the Party has relied solely on the Party's own judgment, belief, and knowledge, and the advice and recommendations of its independently selected counsel, concerning the nature, extent, and duration of the Party's rights and claims, and that it has not been influenced to any extent whatsoever in executing the same by any representations or statements made by any other Party or by any person representing any other Party.

6. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between the Parties pertaining to the Plaintiffs' claims for individual damages and Plaintiffs' claims for reasonable attorneys' fees, costs, and expenses, and fully supersedes any and all prior

understandings, representations, warranties, and agreements between the Parties pertaining to those subjects.

7. <u>Amendment</u>: This Agreement may be amended only by a written agreement executed by the Parties in interest at the time of the amendment.

8. <u>Severability</u>: If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part and for any reason, the remaining portions of this Agreement shall remain in full force and effect.

9. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one and the same instrument.

10. <u>Continuing Jurisdiction</u>: The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction over this matter with respect to any dispute between the Parties arising from the terms of this Agreement.

11. <u>Public Document</u>: The Parties recognize that this Agreement is a public document and may be subject to disclosure under the State of Georgia's Open Records Act, O.C.G.A. § 50-18-70 et seq.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed as of the Effective Date by their duly authorized representatives.

**FOR PLAINTIFFS:**

By: *Meredith Taylor Brown*　　　Date: 06/24/2022
　　Meredith Taylor Brown

By: _____　　　Date: _____
　　Delshone Thomas

By: _____　　　Date: _____
　　Gwendolyn Cheney

**FOR DEFENDANTS**

By:_____  Date:_____
   Caylee Noggle; Commissioner of the
   Georgia Department of Community Health


By:_____  Date:_____
   Bryan K. Webb, Deputy Attorney General,
   State of Georgia

understandings, representations, warranties, and agreements between the Parties pertaining to those subjects.

7. <u>Amendment</u>: This Agreement may be amended only by a written agreement executed by the Parties in interest at the time of the amendment.

8. <u>Severability</u>: If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part and for any reason, the remaining portions of this Agreement shall remain in full force and effect.

9. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one and the same instrument.

10. <u>Continuing Jurisdiction</u>: The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction over this matter with respect to any dispute between the Parties arising from the terms of this Agreement.

11. <u>Public Document</u>: The Parties recognize that this Agreement is a public document and may be subject to disclosure under the State of Georgia's Open Records Act, O.C.G.A. § 50-18-70 et seq.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed as of the Effective Date by their duly authorized representatives.

**FOR PLAINTIFFS:**

By:_____ Date:_____
   Meredith Taylor Brown

By: *Delshone Thomas* (signature) Date: 6/24/2022
   Delshone Thomas

By:_____ Date:_____
   Gwendolyn Cheney

understandings, representations, warranties, and agreements between the Parties pertaining to those subjects.

   7. <u>Amendment</u>: This Agreement may be amended only by a written agreement executed by the Parties in interest at the time of the amendment.

   8. <u>Severability</u>: If any portion of this Agreement is held to be void, invalid, or otherwise unenforceable, in whole or in part and for any reason, the remaining portions of this Agreement shall remain in full force and effect.

   9. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one and the same instrument.

   10. <u>Continuing Jurisdiction</u>: The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction over this matter with respect to any dispute between the Parties arising from the terms of this Agreement.

   11. <u>Public Document</u>: The Parties recognize that this Agreement is a public document and may be subject to disclosure under the State of Georgia's Open Records Act, O.C.G.A. § 50-18-70 et seq.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed as of the Effective Date by their duly authorized representatives.

**FOR PLAINTIFFS:**

By:_____ Date:_____
 Meredith Taylor Brown

By:_____ Date:_____
 Delshone Thomas

By: *Gwendolyn Cheney*   Date: 6-24-22
 Gwendolyn Cheney

**FOR DEFENDANTS**

By: _[signature: Caylee Noggle]_  Date: 6/24/2022
Caylee Noggle, Commissioner of the
Georgia Department of Community Health

By: _[signature: Bryan K. Webb]_  Date: 2-24-22
Bryan K. Webb, Deputy Attorney General,
State of Georgia